UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

GARY CASTERLOW-BEY,

        Plaintiff,

  v.

TIFFANY GARCIA ET. AL.,

        Defendants.

Case No. C17-5856-BHS-TLF

REPORT AND RECOMMENDATION DENYING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*

Noted for **MARCH 30, 2018**

    This case has been referred to Magistrate Judge Theresa L. Fricke pursuant to 28 U.S.C. § 636(b)(1) and Local Rule MJR 3 and 4. This matter comes before the Court on plaintiff's filing of an application to proceed *in forma pauperis*. Because plaintiff has incurred at least three strikes and cannot show he is under imminent danger of serious physical injury, he may not proceed *in forma pauperis*.

## BACKGROUND

    Plaintiff, at the time he commenced the instant action, was incarcerated at Pierce County Jail. Plaintiff submitted a proposed 42 U.S.C. § 1983 complaint, Dkt. 1, to the Court on October 19, 2017. The Clerk notified plaintiff by letter of deficiencies in his submission, including that the filing fee requirement must be met and that plaintiff must either pay the $400.00 filing fee or file a proper application for *in forma pauperis* (IFP) status. Dkt. 2. On November 1, 2017, plaintiff filed a *pro se* Motion for Leave to Proceed In Forma Pauperis (Dkt. 5). However, the November 1, 2017, IFP application lists entirely different defendants (Amazon, Google, Barns

REPORT AND RECOMMENDATION DENYING
PLAINTIFF'S APPLICATION TO PROCEED IN FORMA
PAUPERIS - 1

and Nobles, Ebay, Trafford Publishing, Stoel Rives, LLP) and claims (civil conspiracy and civil racketeering) than are identified in the proposed complaint. *Compare* Dkt. 5 with Dkt. 1. The Court concludes that plaintiff mistakenly filed the IFP application for a different case under this case number. On November 8, 2017, plaintiff filed another Motion for Leave to Proceed In Forma Pauperis (Dkt. 6), which lists at least some of the same defendants (Tiffany Garcia) and the same claims (dental issue and Eighth Amendment violation) as are listed in the proposed complaint. The November 1, 2017, IFP application (Dkt. 5) should be stricken as it does not relate to the instant action but appears to have been intended for a different case entirely and mistakenly filed under the case number for this action. As such, the IFP application filed on November 8, 2017, is the only proper and valid IFP application pending before the Court.[1]

In his proposed complaint, plaintiff alleges defendants are failing to provide plaintiff with necessary care by refusing to provide him with replacement dentures, and as a result he has experienced painful gums and lost weight. Dkt. 1. Plaintiff alleges defendants' behavior violated his Eighth Amendment rights. *Id.*

## DISCUSSION

The Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915, governs IFP proceedings. Under § 1915(a), a district court may waive the filing fee for civil complaints by granting IFP status to individuals unable to afford the fee. *Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007). "To address concerns that prisoners proceeding IFP were burdening the federal courts

---

[1] Although the IFP application filed on November 8, 2017, is listed in the docket as an "Amended Motion for Leave to Proceed In Forma Pauperis", the Court notes that the IFP application filed on November 1, 2017, did not relate to the instant case and should be stricken. Thus, this matter was not properly before the Court for consideration until plaintiff submitted a proper IFP application for the instant case on November 8, 2017.

REPORT AND RECOMMENDATION DENYING
PLAINTIFF'S APPLICATION TO PROCEED IN FORMA
PAUPERIS - 2

with frivolous lawsuits, the PLRA altered the IFP provisions for prisoners in an effort to discourage such suits." *Id.* (*citing Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312 (3rd Cir. 2001) (en banc)). Indigent prisoners still receive IFP status if they meet the requirements, but § 1915(b) states prisoners proceeding IFP must pay the filing fee when funds become available in their prison accounts. 28 U.S.C. § 1915(b); *Cervantes*, 493 F.3d at 1051. "Additionally, prisoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three-strikes rule." *Cervantes*, 493 F.3d at 1051-52. The "three-strikes rule," contained in §1915(g), states:

> [i]n no event shall a prisoner bring a civil action under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The Court notes the PLRA's strike provision does not distinguish between dismissals with prejudice, dismissals without prejudice, actions dismissed on the merits, or actions dismissed pursuant to the PLRA's screening provisions. *O'Neal v. Price*, 531 F.3d 1146, 1154-55 (9th Cir. 2008). When an application is rejected pursuant to the screening provisions of 28 U.S.C. § 1915 and the case is dismissed, the dismissal counts as a strike. *Id* at 1155.

I. **Strikes Under 28 U.S.C. 1915(g)**

A review of court records from this District shows at least three of the cases plaintiff filed while incarcerated were dismissed for failure to state a claim before the date plaintiff properly filed his motion for IFP in this case (November 8, 2017).

Plaintiff filed *Casterlow-Bey v. Google Internet Search Engine Company*, (Case No. 17-5621-RBL) while incarcerated at Pierce County Jail. That case was dismissed by order dated

REPORT AND RECOMMENDATION DENYING
PLAINTIFF'S APPLICATION TO PROCEED IN FORMA
PAUPERIS - 3

1  October 23, 2017, for failure to state a claim upon which relief may be granted. *See* Dkt. 11 in
2  Case No. 17-5621-RBL.

3  Plaintiff filed *Casterlow-Bey v. Google.com, Inc.*, (Case No. 17-5764-BHS) while
4  incarcerated at Pierce County Jail. That case was dismissed by order dated October 30, 2017, for
5  failure to state a claim upon which relief may be granted. *See* Dkt. 7 in Case No. 17-5764-BHS.

6  Plaintiff filed *Casterlow-Bey v. National Park Service*, (Case No. 17-5711-RBL) while
7  incarcerated at Pierce County Jail. That case was also dismissed by order dated October 30,
8  2017, for failure to state a claim upon which relief may be granted. *See* Dkt. 5 in Case No. 17-
9  5711-RBL.

10  Thus, while incarcerated plaintiff brought at least three actions which were frivolous,
11  malicious, or failed to state a claim; therefore, he is barred from proceeding IFP in this action
12  unless she can show he is exempt from the three-strikes rule because he is under imminent
13  danger.

14  **II.    Imminent Danger Exception**

15  The three-strikes rule does not apply if "the prisoner is under imminent danger of serious
16  physical injury." 28 U.S.C. § 1915(g). Prisoners qualify for the imminent danger exception based
17  on the alleged conditions at the time the complaint is filed. *Cervantes*, 493 F.3d at 1052. The
18  imminent danger exception requires a prisoner allege a danger which is "ready to take place" or
19  "hanging threateningly over one's head." *Id.* at 1056 (internal citations omitted).

20  The Ninth Circuit has held "requiring a prisoner to 'allege ongoing danger . . . is the most
21  sensible way to interpret the imminency requirement.'" *Id.* (*quoting Ashley v. Dilworth*, 147 F.3d
22  715, 717 (8th Cir. 1998)). Additionally, the plaintiff must make specific or credible allegations
23  showing the threat to her is real and proximate. *Cervantes*, 493 F.3d at 1053 (*citing Lewis v.*

24

25  REPORT AND RECOMMENDATION DENYING
PLAINTIFF'S APPLICATION TO PROCEED IN FORMA
PAUPERIS - 4

*Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002); *Kinnell v. Graves*, 265 F.3d 1125, 1128 (10th Cir. 2001)).

Plaintiff's proposed complaint alleges defendants were deliberately indifferent to his medical needs. Dkt. 1. He claims he was assaulted on August 14, 2017, while in Pierce County Jail and that his dentures went missing. *Id.* He claims defendant Newkirk was responsible for securing his personal property and that defendants Watkins and Ake failed to promptly investigate his missing dentures for several weeks in spite of plaintiff's continuous complaints of pain while chewing due to his lack of dentures. *Id.* He claims defendant Garcia refused to recommend replacement dentures and that, consequently, he has suffered a painful oral condition, extremely sore gums and weight loss. *Id.* He claims he has "lost an eighteen carat gold customed grill and prison officials refused to acknowledge the role they played in losing it and refuse to replace it even with normal dentures" and that defendants were deliberately indifferent to his pain and suffering. *Id.* Plaintiff seeks $50,000.00 in damages based on defendants' alleged deliberate indifference. *Id.*

Plaintiff makes no allegation that he was under "imminent danger of serious physical injury," at the time he commenced this action. *See Cervantes*, 493 F.3d at 1053. Plaintiff has not sufficiently alleged he faces a danger which is "ready to take place" or "hanging threateningly over his head." *Id.* at 1056. He alleges only that he is in pain and has lost weight; he does not maintain the pain is causing him imminent serious physical injury. Therefore, the Court finds the imminent danger exception does not apply in this case, and plaintiff is subject to the three strikes rule.

## CONCLUSION

First, the November 1, 2017, IFP application (Dkt. 5) should be stricken as it does not relate to the instant action but appears to have been intended for a different case entirely.

REPORT AND RECOMMENDATION DENYING
PLAINTIFF'S APPLICATION TO PROCEED IN FORMA
PAUPERIS - 5

1   However, even considering the properly filed November 8, 2017, IFP application (Dkt. 6),

2   plaintiff may still not proceed *in forma pauperis* in this matter as he has incurred at least three

3   strikes under 42 U.S.C. § 1915(g). Therefore, the Court recommends plaintiff's IFP application

4   should be denied. Plaintiff should be ordered to pay the $400.00 filing fee within thirty days of

5   the District Court's order and, if the fee is not paid, the case should dismissed without prejudice.

6        The parties have **fourteen (14) days** from service of this Report and Recommendation to

7   file written objections thereto. 28 U.S.C. § 636(b)(1); Federal Rule of Civil Procedure (FRCP)

8   72(b); *see also* FRC P 6. Failure to file objections will result in a waiver of those objections for

9   purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed

10  by Fed. R. Civ. P. 72(b), the Clerk is directed to set this matter for consideration on **March 30,**

11  **2018**, as noted in the caption.

13       Dated this 6th day of March, 2018.

*[signature]*

Theresa L. Fricke
United States Magistrate Judge

25  REPORT AND RECOMMENDATION DENYING
PLAINTIFF'S APPLICATION TO PROCEED IN FORMA
PAUPERIS - 6